**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CIVIL ACTION NO. 25-53-DLB-EBA

LAURA ASHLEY SUTTLES                                                                   PLAINTIFF

v.                          **MEMORANDUM ORDER**

RACELAND-WORTHINGTON INDEPENDENT
SCHOOLS                                                          DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon two Motions: (1) Defendant Raceland-Worthington Independent Schools' Motion to Dismiss (Doc. # 4) and (2) Plaintiff Laura Ashley Suttles' Motion to Remand and for Costs and Attorney's Fees (Doc. # 5). The Motions are fully briefed and are ripe for review. (Docs. # 6-9). For the following reasons, Plaintiff's Motion to Remand and for Costs and Attorney's Fees is **denied** and Defendant's Motion to Dismiss is **granted**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The factual circumstances in this action are broadly identical to a recently dismissed case, *Suttles v. Raceland-Worthington Independent Schools*, 0:24-cv-00090-DLB-EBA, Doc. # 9 at 1-2. In that case, the Court dismissed Plaintiff's sole claim brought under the federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). (*Id.* at 2,5). The Court also denied Plaintiff's request to transfer the action to state court. (*Id.* at 2, 5).

Following the dismissal of her previous case, Plaintiff filed this action in the Greenup County Circuit Court asserting the following five claims against Defendant:

Count I (Violation of Kentucky Whistleblower Act (KRS 61.102)), Count II (Violation of Kentucky Civil Rights Act (KRS 344.280)), Count III (Retaliation in Violation of KRS 158.156/620.030 (Mandated Reporting Protections)), Count IV (Wrongful Discharge in Violation of Public Policy), and Count V (Violation of 42 U.S.C. § 1983). (Doc. # 1-1 at 7-8). Shortly thereafter, Defendant filed a Notice of Removal in this Court alleging federal question jurisdiction under 28 U.S.C. § 1331. (Doc. # 1 ¶ 4).

After the action was removed to this Court, Defendant filed the instant Motion to Dismiss (Doc. # 4) and Plaintiff filed the instant Motion for Remand and for Costs and Attorney's Fees (Doc. # 5). Both Motions have been fully briefed (Docs. # 6-9) and are ripe for review.

## II.     DISCUSSION

For organizational purposes, the Court will address the Motion to Remand and for Costs and Attorney's Fees before addressing the Motion to Dismiss.

### A.     Motion to Remand and for Costs and Attorney's Fees

Plaintiff moves the Court to remand this case to the Greenup County Circuit Court. (Doc. # 5). In support, Plaintiff argues that her state law claims substantially predominate over her federal claim and that the Court may accordingly decline to exercise jurisdiction over the entire case under 28 U.S.C. § 1367(c). (*Id.*). Plaintiff also requests "costs and fees incurred as a result of Defendant's improper removal." (*Id.* at 3).

As a preliminary matter, this Court cannot remand the entire case. It is undisputed that the Court has federal question jurisdiction over Plaintiff's § 1983 claim. (Doc. # 5-1 at 1 (acknowledging that "the inclusion of a 42 U.S.C. § 1983 claim can give rise to federal jurisdiction under 28 U.S.C. § 1331[.]"). And "there is no discretionary authority to remand

2

a case and decline federal jurisdiction over a federal-question-based claim merely because state law claims otherwise predominate." *Majeske v. Bay City Bd. of Educ.*, 177 F.Supp.2d 666, 673 (E.D. Mich. 2001). Thus, even if the Court were to remand Plaintiff's state law claims, it would retain his federal claim.

Having addressed the above preliminary matter, the Court will determine whether to exercise jurisdiction over Plaintiff's state law claims. Title 28 U.S.C. § 1367 provides, in pertinent part, that:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction over state law claims exists when they share a "common nucleus of operative fact" with a federal claim. *Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Plaintiff does not expressly challenge whether the Court may properly exercise supplemental jurisdiction over her state law claims.[1] (*See* Docs. # 5 and 5-1). Instead, Plaintiff requests that the Court decline to exercise supplemental jurisdiction over her state claims pursuant to 28 U.S.C. § 1367(c). (Doc. # 5-1). This statute provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>     (1) the claim raises a novel or complex issue of State law,

---

[1] Moreover, any such challenge would lack merit, as Plaintiff's claims each arise from Plaintiff's termination after she allegedly reported the abuse of special needs children. (*See* Doc. # 1-1 at 5-9); *see also Kubala*, 984 F.3d at 1137 ("Where the Supreme Court has found 'a common nucleus of operative fact,' the factual connection between the state and federal claims most often involve the same incident.").

3

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, Plaintiff argues that her state law claims substantially predominate over her federal claim. (Doc. # 5-1). In support, Plaintiff notes that the bulk of her claims are based on state law and argues that her "[federal] claim appears as an alternative ground to the central cause of action, which is based on retaliatory actions taken by [a] Kentucky employer in violation of Kentucky law." (*Id.* at 2).

    "Although there appears to be no definitive test to determine whether state law predominates over federal claims, courts have considered such factors as whether they outnumber the federal claims; whether the claims are distinct; and whether [the] state-law claims involve proof that is not needed to establish the federal law claims." *Williamson v. Recovery Ltd. P'ship*, No. C2-06-292, 2009 WL 649841, at *9 (S.D. Ohio Mar. 11, 2009). "District courts have broad discretion in deciding whether to exercise supplemental jurisdiction, including in cases where state law predominates under § 1367(c)(2)." *Lautermilch v. RHBA Acquisitions*, LLC, No. 1:20-cv-02357, 2021 WL 5206556, at *10 (N.D. Ohio Nov. 9, 2021) (quoting *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999)) (bracketing omitted).

    Upon review, the Court concludes that Plaintiff has failed to show entitlement to her requested relief. Although her state claims outnumber her federal claim, a simple "edge in numbers . . . does not necessarily mean that the state law claims 'substantially

4

predominate.'" *Detroit Edison Co. v. Mich. Dep't. of Env't Quality*, 29 F.Supp.2d 786, 793 (E.D. Mich. Dec. 15, 1998). Moreover, Plaintiff's claims are substantially related insofar as they all arise from and concern alleged retaliation on the part of Defendant. (*See* Doc. # 1-1 at 5-9). Thus, the Court does not see—and Plaintiff does not adequately show—how her state law claims are substantially distinct from or require different proof than her federal claim. And even if the state law claims substantially predominated over Plaintiff's federal claim, this Court would still have broad discretion to exercise supplemental jurisdiction. *Lautermilch*, 2021 WL 5206556, at *10. For these reasons, the Court elects to exercise supplemental jurisdiction over Plaintiff's state law claims. Those claims will not be remanded to state court.

The Court now turns to Plaintiff's request for attorney's fees and costs. Plaintiff specifically requests an award of her "costs and fees incurred as a result of Defendant's improper removal." (Doc. # 5-1 at 3). This request lacks merit for two independent reasons. First, an award of fees and costs is only appropriate when a court issues "[a]n order *remanding the case*[.]" 28 U.S.C. § 1447(c) (emphasis added). But as discussed above, the Court has declined to remand any of Plaintiff's claims to state court. Second, awarding fees and costs under § 1447(c) is warranted only "where the removing party lacked an objectively reasonable basis for seeking removal." *Hall v. M&T Trucking Expediting LLC*, No. 3:20-cv-00072, 2021 WL 816908, at *4 (E.D. Ky. Mar. 3, 2021). But here, there is no dispute that the Court has federal question jurisdiction over Plaintiff's federal claim and may properly exercise supplemental jurisdiction over her state claims.

For these reasons, Plaintiff's Motion for Remand and for Costs and Attorney's Fees (Doc. # 5) is **denied**.

### B. Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint. (Doc. # 4). In support, Defendant argues that it "is not a legal entity and is not capable of being sued." (Doc. # 4-1 at 1 n.1; *see also* Doc. # 8 at 9). Defendant also argues that Plaintiff's claims fail under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 4-1 at 2-9). For the reasons stated below, the Court finds Defendant's first argument to be meritorious. Accordingly, the Court need not—and will not—address Defendant's Rule 12(b)(6) challenge.

Kentucky Revised Statute § 160.160 provides, in pertinent part, that "[e]ach school district shall be under the management and control of a board of education" which "may sue and be sued[.]" Ky. Rev. Stat. § 160.160(1). "The Kentucky Supreme Court has definitively held [that] the proper defendant for an action against a Kentucky public school is the governing Board of Education." *Qiu v. Scott Cnty. Schs.*, No. 5:21-cv-00197-GFVT, 2022 WL 1462758, at *2 (E.D. Ky. May 9, 2022) (citing *Forte v. Nelson Cnty. Bd. of Educ.*, 337 S.W.3d 617, 625 (Ky. 2011), *superseded by rule on other grounds as stated in Mahl v. Mahl*, 671 S.W.3d 140, 150-51 (Ky. 2023)). And where plaintiffs have directly attempted to sue Kentucky school districts, this Court has dismissed complaints on this basis. *Gleason v. Raceland-Worthington Indep. Sch. Sys.*, No. 0:24-cv-00014-DLB-EBA, 2025 WL 1520458, at *4 (E.D. Ky. May 28, 2025); *Gilbert v. Frankfort Indep. Sch. Dist.*, No. 3:23-cv-00064-GFVT, 2024 WL 3939528, at *3 (E.D. Ky. Aug. 26, 2024). Pursuant to those authorities, Plaintiff's Complaint is properly dismissed against the named Defendant.

For these reasons, Defendant's Motion to Dismiss (Doc. # 4) is **granted**.

III.   **CONCLUSION**

Thus, for the reasons stated above, **IT IS ORDERED** that:

(1) Plaintiff Laura Ashley Suttles' Motion to Remand and for Costs and Attorney's Fees (Doc. # 5) is **DENIED**;

(2) Defendant Raceland-Worthington Independent Schools' Motion to Dismiss (Doc. # 4) is **GRANTED**;

(3) Plaintiff's Complaint (Doc. # 1-1 at 5-9) is **DISMISSED**;

(4) This matter is **STRICKEN** from the Court's active docket; and

(5) A Judgment in favor of Defendant will be entered contemporaneously herewith.

This 22nd day of July, 2025.



Signed By:
*David L. Bunning*
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2025\25-53 MOO Re Remand and MTD.docx